UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDING RIGHTS & DISSENT,<br><br>        Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>        Defendants. | Civil Action No. 24-2614 (APM) |

## ANSWER

Defendants, Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("Department") (collectively the "Defendants"), by and through the undersigned counsel respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff Defending Rights & Dissent ("Plaintiff") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, Defendants admit only that

Plaintiff brings this action under FOIA to compel the production of documents that Plaintiff requested from the FBI.

## PARTIES[1]

2.  Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph.

3.  Defendants admit only that the FBI is a federal agency within the meaning of FOIA.

4.  Defendants admit only that the Department is a federal agency within the meaning of FOIA.

## JURISDICTION AND VENUE

5.  This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

6.  This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed necessary, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## JUNE 27, 2024 FOIA REQUEST TO FBI

7.  Defendants admit only that the FBI received a June 27, 2024, FOIA request from Plaintiff. Defendants aver that the June 27, 2024, FOIA request is the best evidence of its contents

---

[1] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

8. This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. Defendants aver that the June 27, 2024, FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

9. Defendants admit the allegations in this paragraph. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

10. This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

11. Defendants admit the allegations in this paragraph. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

12. This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

13. Defendants admit the allegations in this paragraph. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

14. This paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

15-16. Defendants admit the allegations in these paragraphs.

17. Defendants admit only that as of the filing of the Complaint, the FBI has not issued a response to Plaintiff's FOIA request.

## COUNT I – FBI'S FOIA VIOLATION

18. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

19. Defendants admit only that Plaintiff has sought records under FOIA. Defendants aver that the June 27, 2024, FOIA request is the best evidence of its contents and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

20. Defendants admit only that the FBI is a federal agency within the meaning of FOIA.

21. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph.

22. Defendants deny the allegations in this paragraph.

23-24.   Defendants admit only that as of the filing of the Complaint, the FBI has not issued a response to Plaintiff's FOIA request.

## REQUESTED RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## SECOND DEFENSE

Defendants conducted an adequate search for documents responsive to Plaintiff's FOIA request.

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## FOURTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

Dated: October 16, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*