UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEFENDING RIGHTS & DISSENT,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

        Defendants.

Civil Action No. 24-2614 (SLS)

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated April 23, 2026, Defendants Federal Bureau of Investigation and Department of Justice, and Plaintiff Defending Rights & Dissent, by and through undersigned counsel, hereby submit this Joint Status Report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which seeks the release of documents mentioning or referring to Wikileaks and Julian Assange.  *See generally* ECF No. 1.

The parties previously reported that there were 6,531 pages to process, and that although the FBI still needed to complete its classification review of the records as well as several internal and external reviews before making a release, the first interim release of records was expected to occur on or before June 15. 2026.  *See* ECF No. 31.  Thereafter, the Court directed the parties to file a further joint status report by today's date that (1) states the number of pages that remain to be processed, and (2) confirms that the Defendants anticipate being able to complete production in this case by approximately May 2027 at a processing rate of 500 pages per month.  *See* Min. Order dated Apr. 23, 2026.

The parties now report that the FBI mailed, on June 15, 2026, its first interim release consisting of 197 out of 253 pages that were reviewed. Plaintiff reports that it is reviewing the

production it received less than a week ago and intends to meet and confer with Defendants to resolve any disagreements about the documents produced. Defendants report that approximately 6,278 pages remain to be processed.

With respect to the processing rate and completion by May 2027, the parties report as follows:

### Defendants' Position Statement

Defendants respectfully refer the Court to the attached Declaration of Shannon R. Hammer, which outlines in greater detail why the FBI should be permitted to continue processing at 250 pages per month.

### Plaintiff's Position Statement

Plaintiff reports that Defendants provided Shannon R. Hammer's declaration after close of business on the day of this filing.  Plaintiff does not sign onto this declaration and it being included as an attachment should not be viewed as a concession by Plaintiff.

Based on the remaining page count that Defendants report above, Plaintiff expects processing to take another 13 months (i.e. July 2027) at a processing rate of 500 pages per month. Plaintiff notes that Defendants only processed 253 pages over the last two months, but if Defendants had processed 1,000 pages over that same time (i.e. 500 pages per month) as the Court anticipated, then production would still be on track to complete by May 2027. However, because Defendants sent records out to other government agencies for consultation or referral, those other government agencies may attempt to prolong their processing beyond May 2027 too.

Additionally, Plaintiff reports that 51 of the pages that were reviewed for last week's release were sent on consultation or referral to another government agency.  Plaintiff is concerned that the other government agencies will treat their review as an open-ended process.  Accordingly,

Plaintiff respectfully requests that the Court set a deadline for the consultation/referral process, and that if the other government agency(ies) cannot meet that deadline, then the agency should file a declaration explaining the delay.

Plaintiff notes that Defendants' declaration states that it will comply with a court order when ordered to do so, and that absent a court order it will proceed at its own predetermined rate. *But see Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 246 (D.D.C. 2017) (rejecting the FBI's claim that a standard processing rate policy for all requests promotes efficiency and fairness and holding that the FBI's policy causes "interminable delay"). By keeping this request at a 250-page rate, the FBI guarantees that the case will take longer to complete.

It is Plaintiff's position that the Court has the authority to order Defendants to complete production, inclusive of consultations, by May 2027 with or without a monthly processing rate. Minute Order, *Leopold v. Federal Bureau of Investigation,* Civ. A. No. 22-1921-BAH (D.D.C. Apr. 21, 2026) (ordering FBI to complete production of all remaining records by August 3, 2026 and for pending consulting entities to file a declaration explaining their delay by July 1, 2026); ECF No. 16, *Leopold v. Dep't of Justice*, Civ. A. No. 24-cv-00522-RBW, (D.D.C. May 24, 2024) (ordering DOJ to produce records, inclusive of consultations, by October 1, 2024); ECF No. 88, *Leopold v. Dep't of Justice*, Civ. A. No. 19-1278-RBW, (D.D.C. Sept. 4, 2020) (ordering consulting entities to complete their review by October 9, 2020 and ordering DOJ to complete production by October 30, 2020). Plaintiff respectfully requests that the Court order Defendants to complete production, inclusive of consultations by May 31, 2026, and that any other government agencies with pending consultations or referrals file a declaration by May 1, 2026 explaining (a) the date when the records were referred to the agency; (b) the number of pages in the records; (c) the number of pages in the records processed by the date of the declaration; (d) the number of

3

pages in the records that remain to be processed, (e) an estimated time of completion of processing, and (f) the reason for the delay in processing the records. Plaintiff's proposed order is attached.

\* \* \*

Considering the above, the parties respectfully propose that they file a further joint status report in approximately 60 days, on or before August 21, 2026.

Dated: June 22, 2026
    Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ Merrick Wayne
Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
312-243-5900
foia@loevy.com

By:   /s/ Benjamin H. Zieman
      Benjamin H. Zieman
      Assistant United States Attorney
      601 D Street N.W.
      Washington, D.C. 20530
      202-252-2540
      benjamin.zieman@usdoj.gov

Attorneys for Plaintiff

Attorneys for the United States of America

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFENDING RIGHTS & DISSENT,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>      Defendants. | Civil Action No. 24-2614 (SLS) |

**[PLAINTIFF'S PROPOSED] ORDER**

UPON CONSIDERATION of the parties' joint status report, it is hereby

ORDERED that the parties shall file a further joint status report by August 21, 2026, advising the Court of the status of this matter, and it is further

ORDERED that any agencies with any pending consultations or referrals shall file a declaration by May 1, 2027, explaining, as to the records at issue referred to the agency for consultation or referral: (a) the date when the records were referred to the agency; (b) the number of pages in the records; (c) the number of pages in the records processed by the date of the declaration; (d) the number of pages in the records that remain to be processed, (e) an estimated time of completion of processing, and (f) the reason for the delay in processing the records, and it is further

ORDERED that Defendants shall complete processing of all non-exempt records by May 31, 2027, and it is further

ORDERED that the parties shall meet and confer within a reasonable time after each interim production to discuss and attempt to resolve any disagreements about the documents

produced to date.  If the parties are unable to resolve any such disagreements, the Parties should explain that disagreement in the earliest following joint status report ordered by the Court.

SO ORDERED.

Date: _____        _____

United States District Judge