UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEFENDING RIGHTS & DISSENT,

       Plaintiff,

   v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

       Defendants.

Civil Action No. 24-2614 (SLS)

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated June 23, 2026, Defendants Federal Bureau of Investigation and Department of Justice, and Plaintiff Defending Rights & Dissent, by and through undersigned counsel, hereby submit this joint status report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which seeks the release of documents mentioning or referring to Wikileaks and Julian Assange. *See generally* ECF No. 1.

On June 23, 2026, the Court ordered the parties to file a joint status report stating: "(1) the number of pages that remain to be processed; (2) the expected date for completion of production; (3) whether any pages are out for consultation, and if so, when those pages were sent, to which agencies, and when each agency's consultation is expected to be completed; and (4) whether there are any disputes regarding the documents produced to date." Min. Order dated June 23, 2026. The Court also ordered the FBI to process at a rate of 500 pages per month. *See id.* Below, Defendants report on items (1) through (3), while both parties report for item (4).

With respect to (1) and (2), the FBI reports the following: Approximately 5,920 pages remain to be processed and the FBI expects to complete processing by July 2027. That projection is calculated using August 2026 as the first production impacted by the increased processing rate

of 500 pages per month.   The Court entered its Order increasing the FBI's processing rate from 250 to 500 pages per month on June 23, 2026, after preparation of the July production was already well underway.  Although the FBI issues its monthly productions on the fifteenth, it uses the tenth of the month as a planning baseline and factors in the preceding two weeks for any necessary subject matter expert review.  Thus, for the July 15 production, any such records needed to be referred to the subject matter experts by June 26—only three days after the Court entered its June 23 Order.  Although that abbreviated period did not permit the FBI to double its July processing to 500 pages, the FBI was able to process an additional 100 pages, materially increasing the July production and advancing the objective of the Court's Order despite the limited lead time.

With respect to (3), the FBI reports the following: The FBI transmitted pages to external agencies for consultation on June 15 and July 15, 2026.  Those agencies have not provided estimated completion dates for their consultations.  The FBI is not presently able to identify the consulting agencies because it does not yet know whether any of them will ask for non-attribution concerning their involvement.  If the Court requires the FBI to identify the consulting agencies before that issue is resolved, the FBI may need to provide that information in a sealed filing.

With respect to (4), Plaintiff reports the following: For all records processed to date, Plaintiff has requested that the FBI provide a draft *Vaughn* index that addresses all of the pages withheld in their entirety, all Exemption 6 and 7(C) withholdings asserted for Julian Assange's privacy, all Exemption 7(E) withholdings on redacted pages that do not overlap with other exemptions, and the alleged foreseeable harm in disclosure.  The FBI responds as follows: The FBI will produce a single *Vaughn* index once processing is complete, as it does in the normal course.  Otherwise, the FBI employee responsible for processing the records will have to cease processing and turn their attention to the production of an index.  Considering the Court's concern

with the age of this case, diverting the processor from reviewing records to preparing an interim *Vaughn* index would delay completion of processing and frustrate the objective of bringing the case to resolution.

Considering the above, the parties respectfully propose that they file a further joint status report in approximately 60 days, on or before September 22, 2026.

Dated: July 23, 2026
       Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Merrick Wayne*
Matt Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

By:   */s/ Benjamin H. Zieman*
      Benjamin H. Zieman
      Assistant United States Attorney
      601 D Street N.W.
      Washington, D.C. 20530
      202-252-2540
      benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com

*Attorneys for Plaintiff*

3